# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff/Respondent,<br>  vs.<br>JOSE GONZALEZ (1),<br><br>                    Defendant/Petitioner. | CASE NO. 11cr3042WQH<br>CASE NO. 16cv1577WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion under 28 U.S.C. § 2255 filed by Defendant/Petitioner. (ECF No. 79).

On May 1, 2012, Defendant/Petitioner entered a plea of guilty to Count 2 of the Indictment charging distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) pursuant to a plea agreement. (ECF No. 42). In the Plea Agreement, Defendant/Petitioner admitted, in relevant part, that he knowingly delivered methamphetamine to a confidential source. *Id*. at 3. The Plea Agreement stated that "[t]he parties agree that Defendant is a career offender pursuant to USSG § 4B1.1(a)." *Id*. at 7. The Plea Agreement further stated:

> In exchange for the Government's concessions in the plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance

>of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.

(ECF No. 42 at 10). Defendant/Petitioner signed the plea agreement, and initialed the page including the waiver of appeal provision. Defendant/Petitioner certified that he had read the plea agreement and fully discussed the agreement with his counsel. Defendant/Petitioner affirmed that he was satisfied with his counsel.

On August 17, 2012, the Court held a sentencing hearing. As set forth in the Presentence Report, the Court concluded that the Defendant was a career offender pursuant to U.S.S.G. § 4B1.1(a).[1] The Presentence Report concluded that the Defendant was at least eighteen years old at the time of the instant offense pursuant to U.S.S.G. § 4B1.1(a)(1), and that the instant offense of conviction was a "drug trafficking offense" pursuant to U.S.S.G. § 4B1.1(a)(2). Pursuant to U.S.S.G. § 4B1.1(a)(3), the Presentence Report stated that Defendant

>was convicted of 1135 H&S, Possession of Marijuana for Sale, which is a 'drug trafficking offense.' . . . in Case No. SCS184080, the defendant was convicted of 245(a)(1) PC, Assault with a Deadly Weapon: Likely to Cause Great Bodily Injury, which is a 'crime of violence.' As such, pursuant to USSG § 4B1.1(b)(2), the defendant is categorized as a 'career offender' and the offense level is increased to 34.

ECF No. 52 at 13.

The Government recommended that the total offense level was 31, the criminal history category was VI, and the guideline range was 151-188 months, after a four-level fast track departure. The Government recommended a sentence of 144 months. (ECF No. 57). The Court imposed a term of imprisonment of 108 months. (ECF No. 64). Defendant/Petitioner did not appeal his sentence or file any petition under 28 U.S.C. § 2255 within the one-year period set out in the 18 U.S.C. §2255(f).

---

[1] U.S.S.G. § 4B1.1(a) provides: "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

## CONTENTIONS OF THE PARTIES

Defendant/Petitioner moves the Court to vacate his sentence on the grounds that the he is not a career offender based upon the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Plaintiff/Respondent contends that *Johnson* has no application to this case, that Defendant/Petitioner has waived his right to challenge his sentence, and that any claim in the petition other than a claim based upon *Johnson* is time barred.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255.

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant/Petitioner has waived his right to bring a § 2255 motion. In exchange for the Government's concessions in the plea agreement, the Defendant/Petitioner waived "to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (ECF No. 42 at 10). This waiver is clear, express, and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face and the waiver was knowing and voluntary. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007).

Defendant/Petitioner makes no claim that the Plea Agreement was not knowing or voluntary.

At the time of sentencing, the Government recommended a guideline range of 151-188 months and a sentence of 144 months. (ECF No. 57). The Court imposed a sentence of 108 months. (ECF No. 64). The sentence imposed was within the guideline range recommended by the Government pursuant to the Plea Agreement at the time of sentencing. Pursuant to the terms of the Plea Agreement, the Defendant/Petitioner waived his right to appeal or to collaterally attack his sentence in this case. Even without the waiver, the motion under 28 U.S.C. § 2255 is barred by the "1-year period of limitation" provided in 28 U.S.C. § 2255(f).

Finally, the Defendant/Petitioner presents no exception to the waiver in the plea agreement or any grounds for relief under Section 2255 based upon *Johnson*.[2] On June 26, 2015, the United States Supreme Court determined that the section of the Armed Career Criminal Act ("ACCA") known as the "residual clause" was void for vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The ACCA residual clause provided enhanced penalties for a defendant with a "violent felony," that is, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).[3] The Supreme Court in *Johnson* limited the application of its holding to the residual clause of the ACCA. *Johnson*, 135 S. Ct. at 2563. ("Today's decision does not call into question application of the Act to . . . the remainder of the Act's definition.").

---

[2] The Supreme Court subsequently determined that *Johnson* stated a "new substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

[3] The ACCA defines "violent felony" as follows: "any crime punishable by imprisonment for a term exceeding one year ... that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B). (emphasis added). The language referred to as the "residual clause" appears in bold.

Defendant/Petitioner was not sentenced under 18 U.S.C. § 924 or under any provision similar to the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). However, Defendant/Petitioner's sentence was based in part upon the finding that his prior conviction under Cal. Penal Code § 245(a)(1), Assault with a Deadly Weapon: Likely to Cause Great Bodily Injury was a "crime of violence" under the Career Offender Guideline U.S.S.G. § 4B1.1 (a). U.S.S.G. §4B1.2 states:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. §4B1.2. This guideline provision does not include or incorporate any residual clause language – "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – found unconstitutionally vague in *Johnson*. 18 U.S.C. § 924(e)(2)(B)(ii).

In this case, clearly established authority in the Ninth Circuit holds that California Penal Code § 245(a) is a "crime of violence" pursuant to the elements clause of 18 U.S.C. § 16(a) which applies to "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009) ("The use of a firearm in the commission of the crime is enough to demonstrate that actual force was attempted or threatened under section 16(a)."); *see also, United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) ("We hold that assault with a deadly weapon or by means of force likely to produce great bodily injury under section 245(a)(1) is categorically a crime of violence under the element prong of § 2L1.2.")[4]

---

[4] The language referred to as the "elements prong" in Section 2L1.2 provides: "Crime of violence" means any of the following offenses under federal, state, or local law: . . . **any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another**. Application Note

*United States v. Jimenez-Arzate*, 781 F.3d 1062, 1064 (9th Cir. 2015) (affirming that *Grajeda* is still good law). The conclusion that Defendant/Petitioner's prior conviction under Cal. Penal Code § 245(a)(1) was a "crime of violence" under the Career Offender Guideline U.S.S.G. § 4B1.1 (a) relies exclusively upon the elements clause of U.S.S.G. §4B1.2 "has as an element the use, attempted use, or threatened use of physical force against the person of another." The conclusion was not related to the residual clause language "or otherwise involves conduct that presents a serious potential risk of physical injury to another" in § 924(e)(2)(B)(ii) found unconstitutionally vague in *Johnson*. This Court concludes that no portion of the decision of the Supreme Court in *Johnson* calls into question the elements clause of the definition of "crime of violence" pursuant to U.S.S.G. § 4B1.2 or the legality of the sentence imposed in this case. Any claim outside the *Johnson* claim is waived by the plea agreement, time-barred by 28 U.S.C. 2255(f), as well as procedurally defaulted.

IT IS HEREBY ORDERED that the motion under 28 U.S.C. § 2255 filed by Defendant/Petitioner (ECF No. 79) is denied.

DATED: October 27, 2016

**WILLIAM Q. HAYES**
United States District Judge

---

1(B)(iii). This language is identical to the elements clause language in U.S.S.G. § 4B1.2 and in 18 U.S.C. §16(a).